Opinion of the court delivered by
Judge Haywood.
This is a petition to the court of chancery, for the fifth circuit, for an allotment to the petitioner of such part of *136 the after acquired real estate of his deceased father, Samuel "Vance, as in equity he may be entitled to, &c. His father made a will in 1819, and gave his real and person-ai estate to the defendant, his wife and children then born. The will was proved after the death of the testator, and yet remains in full force. After the date of this will, the devisor acquired a considerable estate, both in real and personal property, of which he died seised and possessed. The plaintiff was born a few months after his father’s death. His father intended to alter his will but died before he could do it. The object of the petition is, to have taken out of the after-acquired estate, as much as would make him equal to the other children. This statement is admitted by the case agreed by the parties; and it is also admitted, that the share of the petitioner of the after acquired estate, divided between him and the children equally, will be much less than their shares respectively, of the whole estate.
The question submitted for our consideration is, whether, if the devisees of Samuel Vance, deceased, will claim a share of the realty acquired after the date of the will as heirs at law, they must not bring into hotchpot, the shares of the realty devised to them respectively by their father, or otherwise permit the petitioner alone to succeed as heir to it.
By the acts of 1784, ch. 22, sec. 1, and 1796, ch. 14, “the children of an intestate ancestor shall inherit his real estate, which shall be equally divided amongst them, share and share alike, as tenants in common in severalty, and not as joint tenants, other than such son or daughter as shall have lands settled on him or her, by his or her deceased parent, in fee simple, equal to the share which shall descend to the other sons, &c., and in case any son or daughter, shall have lands settled on him or her, by his or her deceased parent, not equal to the share which shall descend to such sons, &c. then so much of the lands or other real estate of the deceased, shall descend to such son or daughter, so provided for, as will make the estate *137 of all the children entitled by this act to the inheritance, as nearly equal as can be estimated, <fec.
It is no' said, that the settlement shall be made in the lifetime of the parent; it is therefore sufficient if it be made at any time. The main object oí the act is to establish a perfect equality among the children, so far as circumstances will admit, unless where it can fairly be inferred, that a difference was designed by the ancestor.
We will not say, that if the child unprovided for, was living in the lifetime of the father, and was not noticed in the will, that this was not an intentional omission, and that there was not a difference designed between him and the devisees to the amount of the real estate given to the devisees; but in the case of a child born after the death of the devisor, the same construction ought not to be made: for the father might not have known of the wife’s pregnancy, or if he did, might not \iave deemed it necessary, Until its birth, to alter his will, or might not have had time to make the unborn child equal, by his will to the other devisees. To be sure, the birth of a posthumous child alone, will not revoke a willmade after marriage by the English law, in order to let in the child, but this is only so, because no precedent has gone that far, Here we are making a construction according to its equity and meaning of an act of the legislature, and we should expound it according to its genuine object and spirit, without being entangled in rules, which are only applicable to other parts of our juridical system.
Our opinion is, that the devisees, before they can entitle themselves to any part of the real estate acquired subsequent to the date of the will, must bring into hotch-pot the land devised to them, and that the cause be remanded to be proceeded in accordingly.
Decree for petitioner,